IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**FRANCISCO J. DE POMBO**, and all others
similarly situated under 29 U.S.C. § 216(b),

   Plaintiffs,

      vs.

**IRINOX NORTH AMERICA, INC. and
JOHN HORVATH,** an individual,

   Defendants.
_____/

## COMPLAINT

Plaintiff, **FRANCISCO J. DE POMBO**, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants **IRINOX NORTH AMERICA, INC.** and **JOHN HORVATH**, and alleges:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This Court has jurisdiction under 29 U.S.C. § 216(B).  This case involves damages in excess of $15,000 exclusive of attorney's fees and costs.

2. The Plaintiff FRANCISCO J. DE POMBO was a resident of Miami-Dade County, Florida at the time the dispute arose and is *sui juris*.

3. The Defendant IRINOX NORTH AMERICA, INC., regularly transacts business in Miami-Dade County.  The Defendant Corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of employment ("the relevant time period").

1

4. The Defendant JOHN HORVATH is the National Service Manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time the dispute arose, the Defendants do business in Miami-Dade, Florida, and the events giving rise to these claims occurred within Miami-Dade County, Florida.

6. Plaintiff FRANCISCO J. DE POMBO worked for Defendants as a parts and service representative to different locations throughout North America from on or about January 15, 2018 to on or about December 9, 2019 for at least 57.5 hours per week every week.

7. The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

9. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce

or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff de Pombo worked for Defendants as a parts and service representative of blast chillers that were manufactured in Italy and sold in the United States.

12. Plaintiff's job duties required of him by Defendants included shipping from Miami-Dade to customers throughout North America, ordering and receiving products and parts from Italy, and answering technical assistance telephone calls from customers across North America.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiff sold and serviced on a constant and/or continual basis moved through interstate commerce prior to and/or subsequent to Plaintiff's sales and servicing of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did; thus, making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. The Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2018 and 2019.

16. Throughout his employment with Defendants, Plaintiff worked at least 57.5 hours per week.  However, as stated in his pay stubs, Plaintiff was paid for only 40 hours per week. When 40 hours are divided into his weekly pay, Plaintiff was paid $28.85 per hour.  Therefore, Plaintiff's overtime rate should have been $43.28.

17. The Plaintiff was not paid for any hours over 40 hours per week, so he is owed time-and-a-half for all hours he worked over forty each week, as required by the Fair Labor Standards Act.  Plaintiff, therefore, claims the time-and-a-half overtime rate for each hour he worked above 40 in a week.

18.  Plaintiff's claim is for 17.5 hours per week for 99 weeks at a rate of $43.28 per hour, for a total of $74,982.60.  Additionally, Plaintiff claims entitlement to liquidated damages under the FLSA, for a total of $149,965.20.  Moreover, Plaintiff is entitled to his attorneys' fees and costs for this case.[1]

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.  Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants through Plaintiff's termination date of December 9, 2019.

**WHEREFORE**, Plaintiff requests liquidated damages and reasonable attorney fees from Defendants, jointly and severally, under the Fair Labor Standards Act (FLSA) to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with

---

[1] Plaintiff and Defendants signed something called an "Employee Separation and Release Agreement," at the end of Plaintiff's employment.  However, this document does not release Plaintiff's claims under the FLSA.  Even if the document did include a release for Plaintiff's claims under the FLSA, it was not approved by the Court, so it is not a binding agreement under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), as to Plaintiff's FLSA claims.

Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **The Plaintiff requests a trial by jury.**

Respectfully submitted this 5th day of February, 2020,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300 71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    T: 305-865-6766
    F: 305-865-7167

By: __/s/ Lisa Kuhlman_____
    LISA KUHLMAN
    Florida Bar No.: 0978027