UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-CV-20533-BLOOM/Louis

**FRANCISCO J. DE POMBO**, and all others
similarly situated under 29 U.S.C. § 216(b),

   Plaintiff,

     vs.

**IRINOX NORTH AMERICA, INC. and
JOHN HORVATH,** an individual,

   Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RE-OPEN CASE, LIFT STAY AND FOR ATTORNEYS FEES FOR DEFENDANTS' FAILURE TO PAY ARBITRATION COSTS AND FOR DEFAULT**

     COMES NOW, Plaintiff, **FRANCISCO J. DE POMBO** (hereinafter "Plaintiff"), by and through undersigned counsel, and hereby replies to Defendants' Response to Plaintiff's Motion to Re-Open Case, Lift Stay and for Attorneys Fees for Defendants Failure to Pay Arbitration Costs and for Default, as follows:

I.    **Introduction.**

     Defendants continue to argue that Plaintiff refused to pay the filing fee required by the American Arbitration Association ("AAA"), but it is clear from Plaintiff's original Motion to Reopen at ECF No. [31], that Plaintiff paid his required share of the filing fee in the amount of $300.00 and it was Defendants' failure to pay their required share of the filing fee in the amount of $1,900.00 which caused the AAA to administratively close the file without the arbitration proceeding past the inception phase. See attached Exhibit "A." Furthermore, Defendants moved to compel arbitration, over Plaintiff's objection, and then once arbitration was ordered by this

Court, Defendants repeatedly failed to abide by the AAA Employment Arbitration Rules and Mediation Procedures by not paying their required share of the filing fee, which caused Plaintiff to incur additional legal fees and needless delay. Plaintiff is requesting the Court to grant his Motion to Reopen Case, Lift Stay and for Attorneys Fees for Defendants' Failure to Pay Arbitration Costs and for Default in light of the arbitration being closed for the reasons stated by the AAA in Exhibit "A."

## Memorandum of Law

Plaintiff asserts that the arbitration action was filed with regard to Plaintiff's rights under the Fair Labor Standards Act for nonpayment of overtime wages which were incurred while Plaintiff was employed by Defendants. The dispute is for FLSA wages and does not arise from the "Employee Separation and Release Agreement" (hereinafter the "Document"). See "Release and Separation Agreement" attached to Defendants Response at ECF No. [33-1]. **Plaintiff is seeking to enforce his rights under the Fair Labor Standards Act with regard to his employment with Defendants, not under the Document.** Therefore, the Document should hold no weight in the case at bar and does not release Plaintiff's rights under the FLSA. Even if the Document did include a release for Plaintiff's claims under the FLSA, the Document is, at best, a defense which cannot apply to bar Plaintiff's FLSA claims since it was not court approved, so it is not a binding agreement as to Plaintiff's FLSA claims under Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). Further, Paragraph 4 of the Document provides:

> " **Indemnification. Employee agrees to indemnify and hold harmless the Released parties, and each of them, jointly and severally, against any loss or liability whatsoever, including reasonable attorney's fees, caused by an action or a proceeding before any Court or government agency, commission, division or department of state, federal or local governing body, which is brought by the Employee or successors-in-interest, if such action or proceeding arises out or is related to any claim, demand or cause of action released herein….."**

This provision is substantively unconscionable because it shifts fees from the employer to the employee in violation of the FLSA as discussed below. Courts in this district and Congress passed the FLSA to protect workers from overbearing practices of employers who had greatly unequal bargaining power over their workers. See Roland Elec. Co. v. Walling, 326 U.S. 57, 668 n.5 (1946). To require Plaintiff to be compelled to arbitration, be forced to pay pro rata share of the expenses and fees of the arbitrator, together with other expenses of the arbitration incurred or approved by the arbitrator, and to bear its own attorneys fees and expenses frustrates the purpose of the FLSA[1]. This will likely become so cost prohibitive that it will presumably chill the rights of an employee to seek minimum or overtime compensation under the Act and raises real issues regarding the enforceability of these alleged Agreements. This fee sharing provision would be prohibitively expensive for Plaintiff and created an unreasonable barrier to Plaintiff's assertion of his rights under the FLSA.

Additionally, in Hudson v. P.I.P. Inc., 793 F. App'x 935, 937 (11th Cir. 2019), the court held "The district court did not err in concluding that the statement '[e]ach party to any arbitration *will* pay its own fees and expense, including attorney fees and will share other fees of arbitration,' does not leave any discretion with the arbitrator to award fees and costs. (Emphasis added). We have held that the terms of an arbitration clause regarding remedies must be "fully consistent with the purposes underlying any statutory claims subject to arbitration." Paladino v. Avnet Comput. Techs., Inc., 134 F.3d 1054, 1059 (11th Cir. 1998). Thus, the clause providing that each party will pay its own fees and costs is unenforceable, as the

---

[1] *See,* 29 U.S.C. 216(B); *See also,* the unpublished decision McBurnie v. City of Prescott et al, Case. No. 09-8139, United States District Court of Arizona:

"Because the FLSA was intended to provide workers with the full compensation due under the law, requiring a claimant to pay attorney's fees incurred to enforce his FLSA rights would frustrate the statute's underlying purpose." See Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946) (stating that Congress intended that a claimant "should receive his full wages plus the penalty without incurring any expense for legal fees or costs").

FLSA mandates fees and costs as part of a Plaintiff's award. Id at 1062 ("When an arbitration clause has provisions that defeat the remedial purpose of the statute, ... the arbitration clause is not enforceable."); 29 U.S.C. § 216(b)." Hudson v. P.I.P. Inc., 793 F. App'x 935, 937 (11th Cir. 2019). In the instant case, the Indemnification paragraph of the Document shifts all the costs to the Employee/Plaintiff and therefore defeats he remedial purpose of the statue and should be found unenforceable and substantively unconscionable. This fee sharing provision would be prohibitively expensive for Plaintiff and creates an unreasonable barrier to Plaintiff's assertion of their rights under the FLSA. Judge Joan A. Lenard stated in an Order that **"the contractual provision providing that each party should pay a pro rata share of the cost of arbitration is substantively unconscionable and should be stricken from the agreement."** See attached hereto as "Exhibit B," Order entered in Caracas, et al. vs. Rizen Fleet Logistics, Inc., *et al.* Case No: 16-22421-CIV-Lenard/Goodman from the U.S. District Court Southern District of Florida which occurred in a case which presented similar issues regarding arbitration as the instant case.

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982), citing Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." Id, citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). "FLSA rights cannot be abridged by contract or otherwise waived because this would

'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Id, citing Barrentine v. Arkansas-Best Freight System, supra at 1445 (citations omitted).

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id at *1353. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages." Id. "The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id, citing see Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114; Jarrard v. Southeastern Shipbuilding Corporation, 163 F.2d 960, 961 (5th Cir. 1947).

The Document, even though titled "Employee Separation and Release Agreement," was meant to be a settlement agreement for purposes of ending the employment relationship between Plaintiff and Defendants. Similar to Lynn, the agreement for which Defendants seek to enforce, the Document attached to Defendants' email, fall into neither recognized category for settlement of FLSA claims. Id. The Document, therefore, cannot be approved under section 216(c) because it was not negotiated or supervised by the Department of Labor; and because the Document was not entered as a stipulated judgment in an action brought against Defendants by Plaintiff; therefore, the Document cannot be approved under existing case law. Id. The Court in Lynn

further states "Settlements may be permissible in the context of a suit brought by employees under the **FLSA** for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id.

Plaintiff brought this action against Defendants for failure to pay overtime wages in accordance with the FLSA. As stated in the Document, Defendants made payments to Plaintiff as follows:

> "The Company agrees to pay the Employee the total amount of $4,385.20 representing gross pay from DECEMBER 11, 2019 to JANUARY 09, 2020. This amount will be received in the form of salary continuation and paid on a semi-monthly basis. In addition, the Employee will receive an additional $2,308.00 gross payment on DECEMBER 18, 2019 in consideration of UNUSED VACATION DAYS and $1,265.00 equivalent to END OF YEAR HOLIDAY EXTRA PAY as a generous courtesy offer of the Company…..."

Nowhere in the Document was the Plaintiff's alleged unpaid overtime claim compensated; therefore, Plaintiff's Motion Re-Open Case, Lift Stay and for Attorneys Fees for Defendants Failure to Pay Arbitration Costs and for Default should be granted.

First and foremost, the present case is not a dispute concerning the Document but rather a dispute of nonpayment of overtime wages[2], and therefore, is an overtime claim which arose during Plaintiff's employment by Defendants ***BEFORE*** the Document was ever signed. **Plaintiff is NOT seeking to enforce the Document, but rather his rights under the FLSA with regards to his employment by Defendants.** The language in the Document **DOES NOT** state all claims arising from employment but instead limits to claims to enforce the Document terms.

In conclusion, Plaintiff contends that the Document does not release Defendants from obligations under the FLSA for unpaid overtime claims by Plaintiff because the dispute is for FLSA wages and does not arise from the Document. Even if the Document did include a release

---

[2] The arbitrator was correct in deciding cost allocation – to the Defendants' chagrin – for which Defendants refused to pay.

for Plaintiff's overtime claims under the FLSA, it was not approved by the court, so it is not a binding agreement under Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), as to Plaintiff's FLSA claims. The dispute that gave rise to the case at issue is in regards to an overtime claim which arose during Plaintiff's employment by Defendants before the Document was signed. Lastly, Plaintiff asserts that he followed the provisions of the Document by filing this action against Defendants in a venue and through a dispute channel outlined in the Document. It would be highly prejudicial to the Plaintiff to have all of costs of arbitration shifted to him. He simply will not be able to proceed with the arbitration if all of the costs are shifted to him. Further, as stated above, Plaintiff did, in fact pay his required share of the arbitration filing fee and it was Defendants who refused to pay their required share of the arbitration filing fee which caused the arbitration to be closed and the Parties to be back in front of this Court. Plaintiff incorporates into this Reply, all arguments made in his Motion at ECF No. [31].

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT RE-OPEN THIS CASE, LIFT THE STAY, AND ENTER A DEFAULT AGAINST DEFENDANTS AS TO LIABILITY, JOINTLY AND SEVERALLY, AND THIS MATTER SHOULD BE TRIED BEFORE A JURY ON DAMAGES ONLY. MOREOVER, DEFENDANTS SHOULD BE REQUIRED TO PAY ALL FEES AND COSTS ACCRUED IN THE ARBITRATION AS THEY UNNECESSARILY COMPELLED SAME, AND THEN INTENTIONALLY REFUSED TO ARBITRATE UNDER THE CASE LAW SET FORTH IN PLAINTIFF'S MOTION AT ECF NO. [31] BY REFUSING THE PAY THEIR SHARE OF THE FILING COSTS REQUIRED BY THE AAA.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**Respectfully Submitted,**

J.H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167

BY:___/s/___David M. Nudel_____
DAVID M. NUDEL, ESQ.
F.B.N. 1003678
EMAIL: DNUDEL.JHZIDELLPA@GMAIL.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 9/8/2020 TO:

Law Offices of Joseph S. Shook, P.A
Joseph S. Shook, Esq.
75 Valencia Avenue
Coral Gables, FL 33134
305-446-4177
Fax: 446-4565
shooklaw@bellsouth.net

BY:___/s/___David M. Nudel_____
DAVID M. NUDEL, ESQ.